IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAN D. PRATHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CIV-12-1374-R |
| | ) | |
| PAYNE COUNTY DISTRICT ATTORNEY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

Through a show cause order, Plaintiff was notified that he had failed either to pay the $350 filing fee which was required in order for the action to proceed or to request leave to proceed without prepayment of that fee [Doc. No. 5]. He was further advised that it appeared that three of his previous cases had been dismissed as frivolous, that no appeal from the dismissals had been filed, and that he had become subject to the three strikes provision of 28 U.S.C. § 1915(g) prior to the filing of this action. *Id.* at 1-2. The show cause order quoted Section 1915(g) and explained that under that provision a prisoner could still proceed with a civil action or appeal by paying the filing fee but would no longer be eligible to proceed *in forma pauperis*. *Id.* at n. 2. Plaintiff's apparent failure to invoke the prison mailbox rule

in order to establish an earlier filing date was also brought to his attention. Accordingly, Plaintiff was directed to show cause by January 8, 2013, why this action should not be dismissed without prejudice due to his failure to prepay the $350 filing fee; payment of the $350 filing fee was provided as an alternative to responding to the show cause order. *Id.* at 2.

A review of the court file reveals that as of this date Plaintiff has not responded to this court's order. He has not cured the deficiencies, shown good cause for his failure to do so, or requested an extension of time to comply with the order. Plaintiff's failure to comply with this court's order together with the court's right and responsibility to manage and control its case load, alone warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007) (sua sponte dismissal for failure to comply with court's order permitted under federal rule, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply).

Moreover, Plaintiff has failed to properly initiate this action either through the payment of a $350 filing fee or by seeking leave to proceed without prepayment of that fee. 28 U.S.C. §§1914,1915; LCvR3.2; LCvR3.3. In this regard, a review of Plaintiff's previous filings in this court establishes that Plaintiff is no longer eligible to proceed *in forma pauperis* absent a showing of imminent danger.

Title 28 U.S.C. § 1915(g), the so-called three strikes provision of the *in forma pauperis* statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). This provision does not bar a prisoner with three strikes from filing civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the imminent danger exception is demonstrated. A prisoner who has three strikes may, in any event, proceed in civil actions or appeals by prepaying the filing fee. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 778 (10th Cir. 1999).

**Plaintiff's Strikes**

**Strike One**

In a case previously brought by Plaintiff in this court, *Prather v. Ochs-Tontz,* No. CIV-12-952-R, Judge Russell adopted the undersigned's recommendation that Plaintiff's claims be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and ordered that the action be dismissed as frivolous [Doc. Nos. 11 and 12]. The district court's dismissal of the action on the grounds that it is frivolous constitutes a "prior occasion[]" pursuant to 28 U.S.C. § 1915(g). The docket sheet in the matter reflects no appellate filings and, as a result of Plaintiff's waiver of his opportunity to contest the dismissal, the district court's dismissal became final and ripened into Plaintiff's first strike prior to the filing of the instant action. *See Hafed v. Federal Bureau of Prisons,* 635 F.3d 1172, 1175 (10th Cir. 2011) ("[I]f the prisoner did not file a direct appeal in a circuit court, a district court's dismissal counts as a

strike from the date when his time to file a direct appeal expired.").

### **Strike Two**

In another case previously filed by Plaintiff in this court, *Prather v. Oklahoma State Department of Corrections,* No. CIV-12-963-R, Judge Russell adopted the undersigned's recommendation that Plaintiff's claims be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) and dismissed the case without prejudice [Doc. Nos. 8 and 9]. The district court's dismissal of the action on the grounds that it is frivolous constitutes a "prior occasion[]" pursuant to 28 U.S.C. § 1915(g). The docket sheet in the matter reflects no appellate filings and, as a result of Plaintiff's waiver of his opportunity to contest the dismissal, the district court's dismissal became final and ripened into Plaintiff's second strike prior to the filing of the instant action. *See Hafed ,* 635 F.3d at 1175.

### **Strike Three**

In a third case previously filed by Plaintiff in this court, *Prather v. Thomas,* No. CIV-12-875-R, Judge Russell adopted the undersigned's recommendation that Plaintiff's claims be dismissed for failure to state a claim upon which relief may granted and as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) and dismissed the case without prejudice [Doc. Nos. 11 and 12]. The district court's dismissal of the action on the grounds that it is frivolous constitutes a "prior occasion[]" pursuant to 28 U.S.C. § 1915(g). The docket sheet in the matter reflects no appellate filings and, as a result of Plaintiff's waiver of his opportunity to contest the dismissal, the district court's dismissal became final and ripened into Plaintiff's third strike prior to the filing of the instant action. *See Hafed,* 635 F.3d at

1175 (10th Cir. 2011).

### Imminent Danger

Plaintiff is not prohibited by his three-strikes designation from filing new actions. Nonetheless, absent a showing that he is in imminent danger of serious physical injury, he is required to prepay the entire filing fee before any new action may be considered by this court. Plaintiff has not raised any specific or credible allegations of "imminent danger" and none of the factual allegations in his complaint indicate such danger.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For all of the foregoing reasons, it is recommended that this action be dismissed without prejudice unless Plaintiff pays the full $350 filing fee within twenty days from the date of any order adopting this Report and Recommendation. Plaintiff is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by the 6th day of February, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**IT IS SO ORDERED** this 17th day of January, 2013.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE